## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**BOUMA CONSTRUCTION, INC.**                           CIVIL ACTION

**VERSUS**

**FIRST MILLENIUM**                           NO.: 15-00267-BAJ-RLB
**CONSTRUCTION, LLC, ET AL.**

### RULING AND ORDER

Before the Court are two motions filed by Defendant Kenesha Antoine ("Defendant"): a **Motion to Dismiss Pursuant to Rule 12(B)(1)[1] for Lack of Subject Matter Jurisdiction (Doc. 17)** and a **Motion to Dismiss Pursuant to Rule 12(B)(6) for Failure to State a Claim Upon Which Relief Can Be Granted (Doc. 18)**. Plaintiff Bouma Construction, Inc. ("Plaintiff") opposes both. (*See* Docs. 24 and 25). For reasons explained herein, both of Defendant's motions are **DENIED**.

### I.    BACKGROUND

Plaintiff is a design-builder who was hired to construct the Impact Charter Elementary School in Baker, Louisiana. (Doc. 23 at ¶ 9). Like most design-builders, Plaintiff hired subcontractors, who hired sub-subcontractors[2] who, upon their hiring, "presumptively acquire[d] a right to assert a statutory lien on the construction property." (*See id*. at ¶¶ 10, 30).

---

[1] Defendant's motions actually derive from Rule 12(b) of the Federal Rules of Civil Procedure, wherein Rule 12(B) does not exist.

[2] *See* Doc. 23-1 at p. 12 § 7.10.1.

Because these statutory liens are "detrimental" and "hard to dispel," (*See* Doc. 25-1 at p. 2), Plaintiff refuses to release payment to sub-subcontractors until they sign a sworn lien waiver, (*See* Doc. 23 at ¶ 30). However, in this case, certain sworn lien waivers turned out to be invalid,[3] which effectively forced Plaintiff to cede to the payment demands of sub-subcontractors who, in Plaintiff's telling, should have been precluded from asserting statutory liens. (*See* Doc. 25-1 at p. 6 n.1).

For this, Plaintiff in part blames Defendant's failure "to discharge her professional responsibilities as a licensed attorney and notary public . . . ." (*See* Doc. 23 at ¶¶ 4, 83). More specifically, Plaintiff blames Defendant's failure to authenticate the signatures and/or verify the identity of those signing the waivers. (*Id.* at ¶ 83).

Defendant responds with separate Rule 12(b)(1) and Rule 12(b)(6) motions to dismiss. (*See* Docs. 17 and 18). With respect to Rule 12(b)(1), Defendant asserts that she, at most, owes Plaintiff $44,000. (*See* Doc. 17-1 at p. 1). With respect to Rule 12(b)(6), Defendant asserts that her alleged negligence did not cause any harm. (*See* Doc. 18-1 at pp. 3—5).

---

[3] *Id.* at ¶¶ 31—34; *see also* Doc. 24-3; Doc. 24-5 at ¶ 10; Doc. 24-6 at ¶ 9.

## II.     MOTIONS TO DISMISS

### A.     Motion to Dismiss Pursuant to Rule 12(B)(1) for Lack of Subject Matter Jurisdiction

"Under Rule 12(b)(1), a claim is properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (internal quotations and citations omitted). This claim allegedly falls under 28 U.S.C. § 1332(a)(1), (*See* Doc. 23 at ¶ 5), which confers upon the federal courts subject-matter jurisdiction to resolve disputes (a) between citizens of different states and (b) where the amount in controversy exceeds $75,000 exclusive of interest and costs.

Defendant asserts that the facts alleged in Plaintiff's Complaint "lead to the sole conclusion" that Defendant owes Plaintiff less than $75,000. (Doc. 17-1 at p .1). However, by resting her assertion solely upon the pleadings, Defendant has launched a facial, rather than a factual Rule 12(b)(1) attack. *See Buyze v. Mukasey*, No. 07-CV-1191, 2008 WL 904718, at *2 (N.D. Tex. Mar. 31, 2008). Because such an attack presumes "that the factual allegations in the complaint are true,"[4] and because Plaintiff's Amended Complaint[5] asserts that Defendant's negligent

---

[4] *See Occidental Chem. Corp. v. Louisiana Pub. Serv. Comm'n*, 494 F. Supp. 2d 401, 405 (M.D. La. 2007).

[5] The Court notes that the Complaint upon which Defendant's Rule 12(b)(1) motion is based has, by virtue of its amendment, been superseded. *See, e.g., Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996).

notarization caused at least $96,125 in damages,[6] Defendant's Rule 12(b)(1) motion is denied.

**B.     Motion to Dismiss Pursuant to Rule 12(B)(6) for Failure to State a Claim Upon Which Relief Can Be Granted**

To defeat a Rule 12(b)(6) motion to dismiss, a complaint must (a) state a claim upon which relief can be granted, *Neitzke v. Williams*, 490 U.S. 319, 326 (1989), and (b) provide the Court with sufficient factual content from which "to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). When evaluating a Rule 12(b)(6) motion to dismiss, the Court accepts all well-pleaded facts as true and views them in a light most favorable to the plaintiff. *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010).

Defendant's Rule 12(b)(6) motion asserts that her alleged negligence did not cause any harm. (*See* Doc. 18-1 at pp. 3—5). Because causation has no place in a Rule 12(b)(6) motion to dismiss, Defendant's Rule 12(b)(6) motion is denied. *See Thomas v. Liberty Mut. Ins. Co.*, No. 15-CV-434, 2015 WL 6142876, at *1 (M.D. La. Oct. 19, 2015) (noting that Rule 12(b)(6) motion to dismiss merely tests "the sufficiency of the complaint").

---

[6] *See* Doc. 23 at ¶¶ 31—34; Doc. 24-1 at p. 8.

## III.    CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's **Motion to Dismiss Pursuant to Rule 12(B)(1) for Lack of Subject Matter Jurisdiction (Doc. 17)** is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's **Motion to Dismiss Pursuant to Rule 12(B)(6) for Failure to State a Claim Upon Which Relief Can Be Granted (Doc. 18)** is **DENIED**.

Baton Rouge, Louisiana, this 27th day of October, 2015.

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**